1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11

CURTIS E. MILLER,
CDCR #H-40805,

12

13                                              Plaintiff,

14

15                            vs.

16

17   D. EDWARDS,

18

19                                              Defendant.

20

21

Civil No.     11cv0519 DMS (WMc)

**ORDER: (1) GRANTING MOTION TO
PROCEED *IN FORMA PAUPERIS*,
IMPOSING NO INITIAL PARTIAL
FILING FEE AND GARNISHING
$350.00 BALANCE FROM INMATES'S
TRUST ACCOUNT; and**

**(2) DISMISSING ACTION
WITHOUT PREJUDICE FOR
FAILING TO STATE A
CLAIM PURSUANT TO
28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b)**

**[ECF No. 2]**

22

23          Curtis E. Miller ("Plaintiff"), a state prisoner currently incarcerated at Calipatria State

24   Prison located in Calipatria, California, and proceeding pro se, has submitted a civil rights

25   Complaint pursuant to 28 U.S.C. § 1983.  In addition, Plaintiff has filed a Motion to Proceed *In*

26   *Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

27   / / /

28   / / /

# I.

## MOTION TO PROCEED IFP [ECF No. 2]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if that party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement indicates that he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

# II.

## SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

Notwithstanding payment of any filing fee or portion thereof, the Prison Litigation Reform Act ("PLRA") requires courts to review complaints filed by prisoners against officers or employees of governmental entities and dismiss those or any portion of those found frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez*

1  *v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213

2  F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

3      Prior to the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only

4  frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  However 28 U.S.C.

5  §§ 1915(e)(2) and 1915A now mandate that the court reviewing a prisoner's suit make and rule

6  on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal

7  pursuant to FED. R. CIV. P. 4(c)(2).  *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires

8  a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Barren v.*

9  *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  The district court should grant leave to

10  amend, however, unless it determines that "the pleading could not possibly be cured by the

11  allegation of other facts" and if it appears "at all possible that the plaintiff can correct the

12  defect."  *Lopez*, 203 F.3d at 1130-31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.

13  1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

14      "[W]hen determining whether a complaint states a claim, a court must accept as true all

15  allegations of material fact and must construe those facts in the light most favorable to the

16  plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

17  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  However, while liberal

18  construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258,

19  1261 (9th Cir. 1992), the court may nevertheless not "supply essential elements of the claim that

20  were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268

21  (9th Cir. 1982).

22      As currently pleaded, the Court finds that Plaintiff's Complaint fails to state a cognizable

23  claim under 42 U.S.C. § 1983.  Section 1983 imposes two essential proof requirements upon a

24  claimant:  (1) that a person acting under color of state law committed the conduct at issue, and

25  (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the

26  Constitution or laws of the United States.  *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S.

27  527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986);

28  *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

**B.     Retaliation Claims**

Plaintiff claims that he filed an administrative grievance complaining that the Library Technical Assistants ("LTA") in Facility A were denying him adequate access to the prison's law library.  (*See* Compl. at 3.)  Defendant Edwards "screened out" Plaintiff's grievance "asserting that plaintiff failed to identify involved staff."  (*Id.*)  Plaintiff appealed this response and received a "partial grant."  (*Id.*)  Plaintiff then received a "chrono" on May 13, 2010 "authorized by D. Edwards" which alleged that Plaintiff had filed a false complaint.  (*Id.* at 3-4).  Plaintiff claims that the actions of Defendant Edwards was in retaliation for the filing of the original administrative grievance.  (*Id.*)

In order to properly allege a retaliation claim, Plaintiff must allege facts sufficient to show that:  (1) he was retaliated against for exercising his constitutional rights, (2) the alleged retaliatory action "does not advance legitimate penological goals, such as preserving institutional order and discipline," *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam), and (3) the defendants' actions harmed him.[1]  *See Rhodes v. Robinson*, 380 F.3d 1183, 1131 (9th Cir. 2004) ("Our cases, in short, are clear that any retribution visited upon a prisoner due to his decision to engage in protected conduct is sufficient to ground a claim of unlawful First Amendment retaliation--whether such detriment "chills" the plaintiff's exercise of his First Amendment rights or not."); *see also Resnick*, 213 F.3d at 449; *Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir. 1997).

Here, Plaintiff has failed to allege that Defendant's actions failed to "advance legitimate penological goals," *Barnett*, 31 F.3d at 815-16.  In addition, Plaintiff's claim that Defendant Edwards initiated the chrono in retaliation for filing the administrative grievance does not contain enough facts for the Court to link the two acts.  *See Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that

---

[1]  "[A] retaliation claim may assert an injury *no more tangible* than a chilling effect on First Amendment rights."  *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir.2001) (emphasis original).  "Without alleging a chilling effect, a retaliation claim without allegation of other harm is not actionable."  *Id.*  Thus, while many plaintiffs alleging retaliation can show harm by pointing to the "chilling effect" such acts may have had on the exercise of their First Amendment rights, "harms entirely independent from a chilling effect can ground retaliation claims."  *Rhodes*, 380 F.3d at 1131.

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Therefore, the Court must sua sponte dismiss Plaintiff's retaliation claims for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b).

### III.

#### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1.      Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is **GRANTED**.

2.      The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.      The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4.      Plaintiff's Complaint is **DISMISSED** for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).   However, Plaintiff is **GRANTED** thirty (30) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which

1   relief may be granted, it may be dismissed without further leave to amend and may hereafter

2   be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-

3   79 (9th Cir. 1996).

4        5.       The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

5   DATED: June 20, 2011

6

7                                     HON. DANA M. SABRAW

8                                     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28